UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:21-cr-00077-HAB-SLC |
| | ) |
| GREGORY L. THORPE, JR. | ) |

## OPINION AND ORDER

Before the Court is a motion to reinstate pretrial release filed by Defendant on September 20, 2023. (ECF 70).[1] By way of background, Defendant was arrested on May 23, 2022. On May 26, 2022, his counsel filed an appearance. (ECF 12). On June 13, 2022, the Court held a detention hearing (ECF 16) and entered an Order setting conditions of release that same day (ECF 19). Among several conditions, Defendant was to avoid all contact with any person who is or may be a victim or witness in the investigation or prosecution, including Jachelle Maxwell; participate in home detention except for employment, among other things; and submit to location monitoring. (*Id.* at 2). However, Defendant was arrested again on November 17, 2022. That same day, the U.S. Pretrial Services ("Pretrial Services") filed an addendum to the pretrial bond report, reporting that Defendant had violated his conditions of pretrial release. (ECF 33). Still on November 17, 2022, Defendant pled guilty to acquiring and attempting to acquire a firearm by making false statements to a licensed firearms dealer in violation of 18 U.S.C. § § 922(a)(6) and 924(a)(2). (ECF 35).

Subsequently, the Court held a detention hearing regarding violations of Defendant's conditions of pretrial release on November 22, 2022, and the Court ordered he be detained. (ECF

---

[1] Defendant filed an addendum to his motion to reinstate pretrial release that same day. (ECF 71).

38). Following the guilty plea and Defendant's revocation of pretrial release, the Court vacated the sentencing hearing which had been scheduled on September 6, 2023, upon Defendant's request to resolve his state proceedings. (ECF 70 ¶ 2; ECF 69).

On September 20, 2023, Defendant filed the instant motion (ECF 70). The Court directed the Government and Pretrial Services to respond to the motion on or before October 3, 2023. (ECF 72). The Government and Pretrial Services responded to Defendant's motion on September 28, and October 2, 2023, respectively, both arguing against his release. (ECF 73, 74). For the reasons set forth below, Defendant's motion for reconsideration (ECF 70) will be DENIED.

As an initial matter, Defendant does not identify what legal authority under which he is requesting the Court release him. Nevertheless, the release or detention of a defendant after a guilty plea, but pending sentencing is governed by 18 U.S.C. § 3143(a)(1), which states in relevant part:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1); *see United States v. Krilich,* 178 F.3d 859, 860-62 (7th Cir.1999) (analyzing 18 U.S.C. §§ 3143(a) & (b)). "Per the statutory language, there is a presumption in favor of detention pending sentencing." *United States v. Hanhardt*, 173 F. Supp. 2d 801, 804 (N.D. Ill. 2001) (citing 18 U.S.C. § 3143(a)(1); *United States v. Manso-Portes,* 838 F.2d 889, 889-90 (7th Cir. 1987); *United States v. Thompson,* 787 F.2d 1084, 1085 (7th Cir. 1986); *United States v. Marks,* 947 F. Supp. 858, 863 (E.D. Pa. 1996)).

Here, Defendant requests to be released pending his sentencing to properly prepare his state case for trial in Hendricks County, Indiana. (ECF 70). He explains that release is "of greater significance due to his being held in northern Ohio and the case pending just west of Indianapolis in Danville, Indiana." (*Id.* ¶ 2). He further states that he has employment available and support in the community, and that he would like to maintain interactions with and support his young daughter. (*Id.* ¶ 4). He also contends that, should he be released, he is willing to abide by the Court's proposed conditions of supervised release prepared for his previously scheduled sentencing hearing. (*Id.* ¶ 3; *see* ECF 68). Lastly, he argues that the violation of his conditions of release which led to his current detention did not involve the commission of a crime. (ECF 70 ¶ 1).

In response, the Government states that Defendant's proposed reasons for release are not new information unknown to him at the time of his detention hearing. (ECF 73). Specifically, the Government represents that the state case in Hendricks County has been pending since May 4, 2022, and that Defendant already had employment and his daughter before his pretrial release was revoked. (*Id.* at 3-4). The Government also points to the November 17, 2022, addendum to the Pretrial Services report, which lists a series of violations of his conditions of release. (*Id.* at 4; *see* ECF 33). It finally argues that Defendant has not explained why release would be necessary for the preparation of his defense or what his "compelling reasons" for release would be. (*Id.* at 4-5). Indeed, the Government contends that Defendant does not show how his situation differs from "any other detained defendant or why he is unable to review discovery materials while incarcerated and otherwise aid in his defense." (*Id.* at 5). Pretrial Services also opposes release, echoing the Government that there are no new conditions which would warrant his release that were unknown at the time of Defendant's November 22, 2022, detention hearing. (ECF 74).

As an initial matter, to the extent Defendant seeks to invoke 18 U.S.C. § 3142(i) as a basis for his release, a statute which authorizes temporary release if necessary for the preparation of a person's defense or for another compelling reason, this section is not applicable at this stage. Detention decisions of defendants pending sentencing are governed by § 3143(a), as stated above, not § 3142(i). And § 3143 "has no corresponding cousin to 18 U.S.C. § 3142(i) that would authorize temporary release for a compelling reason" or for the preparation of a person's defense. *United States v. Hartsell*, 448 F. Supp. 3d 975, 977 (N.D. Ind. 2020). Therefore, that Defendant needs to prepare his defense for a state case does little to convince the Court that he should be released at this juncture.

Assuming Defendant is moving for release under 18 U.S.C. § 3143, Defendant's arguments fare no better. He does not offer any evidence that he would not be a flight risk or a danger to the community, and the Court cannot conclude so when looking at the record. Indeed, the addendum to the Pretrial Services report filed on November 17, 2022, indicates that, while on release, Defendant failed to submit his work schedule several times, was leaving work earlier than scheduled, had "unauthorized leave" alerts, failed to provide paystubs as required, directed his employer not to provide timecards to Pretrial Services, and contacted Jachelle Maxwell in violation of his conditions of release. (ECF 33). That those violations did not involve the commission of a crime does not render them any less evidence of his risk of flight or danger to the community. In light of this evidence of record, and the presumption in favor of detention once a defendant has pled guilty, *see Hanhardt*, 173 F. Supp. at 804, the Court is unwilling to release Defendant.

In sum, Defendant does not offer evidence that he is not a flight risk or a danger to the community under 18 U.S.C. § 3143. Accordingly, his motion for reinstatement of pretrial release

(ECF 70) is DENIED.

    SO ORDERED.

    Entered this 12th day of October 2023.

                                                    /s/ Susan Collins
                                                  Susan Collins
                                                  United States Magistrate Judge